**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RAUL CALDERON,** | ) | **4:08CV3089** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **P. MILES, NSP mailroom clerk, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on April 30, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 2.) Plaintiff also filed a Motion to Appoint Counsel (Filing No. 3) and a Motion for Leave to File an Amended Complaint (Filing No. 8), which are pending as of the date of this Memorandum and Order. The court now conducts an initial review of the Complaint and Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     PLAINTIFF'S PENDING MOTIONS**

    **A.     Appointment of Counsel**

Plaintiff filed a Motion to Appoint Counsel. (Filing No. 3.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* (quotation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

### B. Amendment of the Complaint

Plaintiff seeks to amend his Complaint to specify the relief sought. (Filing No. 8.) A party may amend its pleading once as a matter of course "before being served with a responsive pleading." Fed. R. Civ. Pro. 15(a)(1)(A). In addition, the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1(b). Therefore, Plaintiff's Motion is granted and the Amended Complaint is treated as supplemental to the original for purposes of this Memorandum and Order.

## II. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

As amended, Plaintiff's Complaint names four defendants, NSP mailroom clerk P. Miles, Case Manager Calvin Haywood, and "Corprols" Blueth and Williamson (collectively, the "Defendants"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff states that he is currently incarcerated at the Nebraska State Penitentiary in Lincoln, Nebraska. (Id.) Defendants are all employees of the Nebraska Department of Correctional Services and are sued in both their individual and official capacities. (Id.)

Condensed and summarized, Plaintiff alleges that the Defendants withheld, stole, purposely mishandled, and tampered with his mail. (Id. at CM/ECF pp. 2-3.) Specifically, Plaintiff alleges that he has suffered "stress" because the Defendants failed to deliver "10-15" magazines, including issues of "Maxim," "Hustler," and "Fox." (Id.) Plaintiff also alleges that some of his magazines were withheld because they contained "articuls (sic) not permitted." (Id. at CM/ECF p. 2.) Plaintiff seeks a monetary award of $100 to $500 per

magazine and reimbursement of the costs associated with filing the Complaint. (*Id.* at CM/ECF p. 4; Filing No. 8.) Plaintiff also seeks injunctive relief in the form of a court order that directs the Defendants to "stop tampering" with his mail. (Filing No. 1 at CM/ECF p. 5.)

### B.    Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.     Discussion of Claims**

1.     First Amendment Claim

The First Amendment protects an inmates's right to receive mail. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998). However, a prison can limit this right with restrictions that are "reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987); *see also Thornburgh v. Abbott*, 490 U.S. 401, 413-18 (1989) (applying *Turner* standard to regulations restricting incoming magazine subscriptions in prison context). In order to determine whether a prison regulation meets the *Turner* reasonableness standard, the court must consider (1) whether the governmental objective underlying the regulation at issue is legitimate and neutral and that the regulation is rationally related to that objective; (2) whether there are alternate means of exercising the right at issue which remain open to the prisoner; and (3) the impact that accommodation of the right at issue will have on others within the prison. *Thornburgh*, 490 U.S. at 414-18 (citation and quotations omitted).

Here, Plaintiff alleges that the Defendants withheld, stole, purposely mishandled and tampered with his non-legal mail.[1] (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff also alleges

---

[1]While Defendants' responses contained in the grievances attached to Plaintiff's Complaint somewhat contradict Plaintiff's allegation that the magazines were not delivered

that some of his magazines were withheld because they contained "articuls (sic) not permitted." (*Id.* at CM/ECF p. 2.) However, it is unclear from the Complaint whether Plaintiff is attacking the constitutionality of a particular prison regulation or whether he simply believes his magazines were stolen or defaced by Defendants. Stated another way, there is no indication from Plaintiff's allegations whether he has a claim cognizable under 42 U.S.C. § 1983, or whether Plaintiff simply has a state law tort claim for the conversion of his magazines. On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), Amended Complaint (Filing No. 8), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    2.    Eighth Amendment Claim

In addition, the court liberally construes Plaintiff's Complaint to allege a claim under the Eighth Amendment relating to the conditions of his confinement. However, "[t]he Constitution does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). Inmates are entitled to "reasonably adequate

---

at all, the court takes the allegations of the Complaint as true at this stage of the proceedings. (Filing No. 1 at CM/ECF p. 9).

sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989); *see also White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (holding a prisoner confined to an allegedly unsanitary cell for eleven days could not prove an Eighth Amendment violation because of the "relative brevity" of his stay).

Moreover, a prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001(8th Cir. 2002). Therefore, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, Plaintiff alleges that he has suffered "stress" because the Defendants failed to deliver "10-15" magazines. (Filing No. 1 at CM/ECF p. 3.) However, Plaintiff has failed to allege that the Defendants acted with "deliberate indifference," or reckless disregard towards his safety. *Tucker*, 276 F.3d 999, 1001. Plaintiff has also failed to allege that the deprivation of "10-15" magazines is a deprivation of one of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298; *see also Yarbrough v. Johnson,* No. 2:04-CV-0294, 2005 WL 1553977, at *1 (N.D. Tex., 2005) (dismissing an Eighth Amendment claim pursuant to 28 U.S.C. § 1915 against a prison that barred sexually explicit

magazines). While the court has serious doubts regarding whether Plaintiff can allege an Eighth Amendment claim as a matter of law, as with his First Amendment claim, the court will permit Plaintiff the opportunity to amend this claim. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), Amended Complaint (Filing No. 8), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Sovereign Immunity

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 389 (1998). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity. However, damages claims against individual state employees acting in their official capacities are barred by the Eleventh Amendment. *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks relief against Defendants in both their individual and official capacities and seeks both monetary damages and injunctive relief. Defendants are all employees of the Nebraska Department of Correctional Services and are entitled to sovereign immunity in their official capacities only. Plaintiff's claims against Defendants in their official capacities for monetary relief are therefore dismissed pursuant to 28 U.S.C. § 1915(e). However, subject to amendment in accordance with this Memorandum and

Order, Plaintiff may proceed on his claims against Defendants in their individual capacities and in their official capacities for injunctive relief only.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied without prejudice to reassertion;

2. Plaintiff's Motion for Leave to File An Amended Complaint (Filing No. 8) is granted;

3. Plaintiff's claims against Defendants in their official capacities for monetary relief are dismissed;

4. Plaintiff shall have until **June 30, 2008** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted;

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), Amended Complaint (Filing No. 8), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

6. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **June 30, 2008** and dismiss if not filed; and

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 3rd day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge